Williams, individually and as copartners under the name and style of Evers & Williams, in the Municipal Court to recover damages for a breach of a contract. To reverse a judgment of *nil capiat* and for costs against plaintiff and in favor of the defendants, the plaintiff prosecutes a writ of error.

DAVIS & RANKIN, for plaintiff in error; ARTHUR M. KRACKE, of counsel.

FRANK L. CHILDS, for defendants in error.

MR. JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

JUDGMENT, § 192*—*when judgment must be against all joint defendants or none.* In *assumpsit* against three defendants jointly where one of the defendants was defaulted for want of appearance and neither of the other two defendants were defaulted nor the suit dismissed as to either, although one appeared and filed an affidavit of defense, *held* that the plaintiff was not entitled to a recovery against the defendant appearing where the evidence did not establish that all the defendants were liable.

---

### Fred Grandt, Defendant in Error, v. Kirkeby-Grunderstrup Seed Company, Plaintiff in Error.

### Gen. No. 18,695.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURN-BAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by Fred Grandt against Kirkeby-Grunderstrup Seed Company to recover damages for breach of

---

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

a contract entered into between plaintiff and defendant, where defendant agreed to purchase plaintiff's entire onion crop raised from seeds purchased of defendant. To reverse a judgment in favor of plaintiff for $147.42, defendant prosecutes a writ of error.

CHARLES DANIELS, for plaintiff in error.

FRED A. RATHJE and CHARLES E. LOY, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 26*—*sufficiency of statement of facts*. A so-called "brief statement of the facts appearing upon the trial," etc., *held* not such a certificate as contemplated by section 23 of the Municipal Court Act, J. & A. ¶ 3335, and *held* that if considered as a bill of exceptions it contained no certificate and raised no presumption that the evidence recited in it was all the evidence heard upon the trial.

2. SALES, § 158*—*when purchaser liable for contract price of onion crop frozen pending delivery*. In an action to recover for the contract price of onions, it appeared that the defendant agreed to purchase plaintiff's entire onion crop at a certain price, that defendant postponed delivery of the onions until he should notify plaintiff, that plaintiff stored what he could in his cellar and that those he had no room for therein or elsewhere were frozen, and that there was no market for onions where the plaintiff lived. *Held* that a finding of the trial court that defendant was liable for the contract price of the onions which were frozen but that plaintiff could not recover for those which were stored in the cellar, as he should have tried to reduce the damages by finding a market for them, will not be disturbed.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.